1-18, 1-2-29, 1-2-4-1, 1-2-3-3-3 May it please the Court, Good morning, Justices and Counsel. My name is David Manchetti and I represent the Appellant Walter Cohut in this matter. Walter Cohut was injured at work on August 21, 2008. He was working for the Appellee Baker Square as a cook at that time. He had surgery on his right shoulder on March 24, 2009. After that, Mr. Cohut subsequently came under the care of Dr. Tolmatz and other medical providers and has not returned to work either as a cook or otherwise. On July 16, 2015, Mr. Cohut received an award from the arbitrator at the Illinois Workers' Compensation Commission for, among other things, 30% loss of use of the right arm pursuant to Section 80 of the Workers' Compensation Act. Realizing that the arbitrator had made a legal error in the award, on September 7, 2017, the Commission converted the award to 20.25% loss of use of the whole person under Section 80.2 of the Act, which the Commission said, quote, did not change, close quote, Mr. Cohut's overall award. Otherwise, the Commission affirmed and adopted everything else about the arbitrator's decision. On June 22, 2018, the Circuit Court of Cook County confirmed the Commission's decision using the manifest way of the evidence standard, and that has led to this appeal. Initially, the appellant, Walter Cohut, is asking this court to remand this case to the Workers' Compensation Commission because the Commission's decision is so lacking in sound and correct findings that it makes appropriate judicial review by this court extremely difficult, if not impossible, to perform. Let me ask you a question on that. You argued that the Art in the Field case is controlling here. You seem to be arguing that the Commission rejected the factual findings of the arbitrator without making its own findings. Is that what you're saying? Well, yes, Your Honor. In fact, what happened was the Commission adopted and affirmed the arbitrator's findings. Right. In this case, they confirmed the arbitrator's factual findings, so that's clearly different than Art in the Field. The problem in that case was they disregarded the credibility findings. They didn't make their own findings. That's not the situation here. I believe it is analogous to the situation here, Your Honor, and I believe this is the reason why. Because the arbitrator did one of two things here when he came to the wrong legal conclusion about whether this type of injury was compensable under Section 8E of the statute. So it's clear, and everybody agrees, that the arbitrator came to the wrong legal conclusion. It was just dead wrong. So the arbitrator did one of two things. He either came to the wrong legal conclusion and then went through this record and came up with findings that supported the wrong legal conclusion, or he made the wrong findings that led him to the wrong legal conclusion. But the Commission looked at it and the Commission then applied its own legal analysis, did it not, to the findings of the arbitrator. Isn't that what happened there? No, Your Honor, I disagree that the Commission did an independent legal analysis. In fact, what the Commission did was summarily affirm and adopt all of the arbitrator's findings, which, as I have already argued, were by definition unsound and incorrect because they either led the arbitrator to the wrong legal conclusion or they supported the wrong legal conclusion. So by definition, those findings were unsound and incorrect, and the Commission summarily affirmed and adopted all of the findings. All that the Commission did was to perform a simple mathematical calculation. They treated the arbitrator's substantive legal error as if it were a technical, clerical issue. They simply converted the loss of use of the arm to the loss of use of the man's household by doing a math problem. But they didn't show it worked. They didn't show what findings supported it. Well, they affirmed and adopted the findings of the arbitrator that says that he failed to prove that he's incapable of employment and that there's no stable labor market. They affirmed the finding that the petitioner could perform some form of employment without seriously endangering his health. He declined job offers, didn't search for any job offers, and he had right shoulder pain, numbness, tingling, and weakness. And based on that, those findings, the arbitrator awarded 40% loss of use of the right arm, and the Commission changed it to a percentage of a man's whole, and he got the same amount of money. So where's the missing analysis? Well, so for example, because the arbitrator improperly awarded benefits for the arm under Section 8E, the Commission decision contains absolutely no findings one way or another whether Walter Cohart was partially incapacitated from performing his normal occupation as a the arbitrator found that he was not permanently and totally disabled. But this record is devoid of any findings by either the arbitrator or Commission, because all the Commission did was affirm and adopt that Mr. Cohart was partially incapacitated from performing his normal occupation as a cook under Section 8D2. There are simply no findings or even conclusions regarding this issue. Even the APLE Baker Square admits this. On page 8 of its response, Baker Square says, quote, there were no findings made by the Commission that the plaintiff was unable to pursue his usual and customary employment, close quote. That's the APLE talking. No findings one way or another. Not yes, not no, not even maybe. And yet as a reviewing court, you're being asked by Baker Square and Mr. Cohart to apply the manifest weight of the evidence standard to a finding that doesn't exist in this record. Did 40% of an arm equal 20% of a man's arm? To the penny, Your Honor. To the penny. So that's what I mean when I say... But you didn't answer my question. Does 40% of an arm equal 20.25% of a man's arm? Your Honor, in terms of their equal, in terms of the weeks of permanent partial disability and the dollar amount, they are equal. But in terms of the legal analysis that needs to be performed in order to come to that conclusion, no, they are not equal. Because even as the APLE Baker Square says, there are no findings in this record by the arbitrator and therefore by the Commission about whether Mr. Cohart was partially incapacitated from performing his job as a cook. And that theory of recovery is a completely separate and distinct theory of recovery under Section 8D2 from the theory of recovery that applies just to the arm injury. So the Will County Forest Preserve case, Your Honor, is that part of the problem in your opinion? It certainly was the beginning of the problem because the arbitrator got it wrong. The arbitrator... Didn't apply to Will County Forest Preserve. District case. Now what findings are missing? Assume hypothetically that the arbitrator had applied to Will County Forest Preserve case as part of the legal analysis. What findings are missing from the arbitrator's decision that would allow the conclusion of percent of man as a whole? I'm trying to go backwards here. So hypothetically, what's missing in the arbitrator's decision that would need to be there to support the man as a whole recovery? The finding that the arbitrator considered other theories of recovery under the man as a whole provision, which is Section 8D2. So what should the arbitrator... I'll try to hone in a little better. What should the arbitrator have focused on in this case to justify a man as a whole award? The opponent's argument is that the arbitrator and the commission should have focused on this partially incapacitated argument. And not only did they not focus on it, they didn't mention it one way or another. Again, I... So what you're saying is it's non-existent in the record? That's correct. And that's necessary for a man as a whole recovery, correct? And it's necessary for... Is that what you're saying? That's necessary? To have some finding on that element, so to speak, as in a criminal case? Your Honor, it's necessary at least to the extent that would allow you to apply the manifest weight of the evidence standard of review, right? It's necessary for your purposes because you're being asked to apply the manifest weight of the evidence standard of review to a finding that doesn't exist. Now, suppose... Does a cook have a demand level above medium physical? Well, that's another finding that is absent in this record. No, it's not. He'll find page 8 of the arbitrator's decision to a man's, he'll find that the petitioner does not need any further treatment, and that he can return to work at the medium physical demand level. Now, Tony has made that opinion. Back in 2009, one of his prior treaters, Pryance O'Pine, that he released him to do sedentary work with a 10-pound restriction and a planned forgiving release in three months. So you've got evidence in the record that the man is capable of working at a medium physical demand level. Now, do you think the Commission knows whether a medium physical demand level being a cook requires a demand level higher than medium? I would think they would. They're supposed to be experts in the field. I mean, that's an assumption we have to make. Yes. But there are facts in the record that would support if a cook is not a demand level above medium, then there are facts in the record that would support the notion that he could return to duty as a cook, at least in the opinion of Dr. Pryance. Your Honor, there are facts in the record that might support that finding. The problem is that finding was never made. The finding that a cook can perform his job at a medium physical demand level, that finding was never made. In fact, I keep harping on this, but even as the appellee says, there were no findings made by the Commission that the plaintiff was unable to pursue his usual and customary employment. There is no finding. Getting into another area of law, this is a well-studded area of law you're familiar with. We are supposed to review the decision that the Commission arrived at rather than its reasoning, are we not? Do we have to agree with their reasoning in order to affirm their decision? No, Your Honor. I must admit that you can find that the Commission was right for the wrong reason. There is a doctrine of law that says that, right? Yes, but there is also a doctrine of law that says that you don't have to do that, right? That you have the authority if you choose to do so to remand this case to the Commission to tell them, get it right and then we'll review it which is what the appellate, Walter Cohut, is asking you to do. And why is that important? It's important because otherwise you're shooting at a moving target, right? You're trying to do the job that the Commission should have done. The Commission should have presented if it decided that Mr. Cohut could not or could return to work as a clerk in that medium-demand level, right? So they made sure to send him? Is that what you're saying? In fact, even the appellate acknowledges that they didn't say that, right? So you can go looking in this record for facts that support a finding that was not made. If you want to do that, I can see that that's something that you can do. But you can also do the other thing which is send it back to the Commission have them tell you what it is that you're supposed to be reviewing rather than have you guess at what you're supposed to be reviewing or leave the parties guessing at what you're supposed to be doing. So when you remand it to the Commission to come up with complete, sound and correct findings it makes your job easier and it also makes the parties' job easier because we can then tell you here's how to manifest whether the evidence supports that finding or doesn't. At this point, we're guessing at what supports a particular finding or not. I think we all agree more findings would have made this more clear for litigation. However, we get back to what Justice Holmquist asked you regarding the necessity of the Commission having memorialized these findings and our remit, so to speak is to determine whether or not there is factual support in the Record of Confirmation Commission. We have to assume the Commission did its job. The Commission indicated that they adopted and affirmed the findings of the arbitrator. So it goes back to this idea is it necessary, is it an element that this particular finding specifically be made? I don't know that we have the power to put our judgment over that of the Commission. In fact, we don't. So it goes back to this question of necessity. Can you speak to that? Yes. If you choose to do so, you can go searching through this Record to find facts that support from a manifest way to the evidence a standard of review a finding that was not made by the Commission and you can assume, I suppose, that the Commission made a finding one way or another. But as I've already said you can also do the other thing. But with the first hypothetical isn't there some way of speculation being brought into that? There's no finding that the finding wasn't made. We're making the leap saying, well, it's not there. It should have been there, it would have been nicer if it had been there, but it's not there. I just want to, at a long time, inquire Justice Kavanaugh to do as you are proposing are we then just saying that we want structurally your Commission decision to be so clear that the facts that were determined either the quantum of fact or quantity would support or not support the decision of in this instance of man as a whole is what you're saying is a correct legal analysis. Is that really what in effect a man would be doing? Yes, Your Honor. That's in effect what a man would be doing. And that's what the appellant is asking you to do. The appellant believes that you have the authority to do that and the appellant believes that you should exercise that authority to do this. It makes it easier on you and it certainly makes it easier on the parties to accurately and appropriately apply the manifest weight of the evidence standard. And that's what this is all about. It's about you being able to apply that standard in an accurate and appropriate way when the decision by the arbitrator which was summarily affirmed and adopted by the Commission was by everybody's account legally incorrect. Not just technically or administratively incorrect. It was legally incorrect. What would Mario's opinion be as to his ability to work? Dr. Mario the appellee Baker Square expert expressed his opinion on four different occasions in three reports and finally in an evidence deposition. Was it his opinion that he could work at a meeting demand level? Yes it was. It was the same opinion. Who was Dr. Tomitz? Dr. Tomitz is the treating physician. And he said he could work at a meeting demand level. Your Honor I believe that Dr. Tomitz final opinion in his evidence deposition was that Mr. Cohut could work one handed work only. Consistently Dr. Tomitz had kept Mr. Cohut off of work as a cook altogether. I believe in his deposition Dr. Tomitz finally said that perhaps Mr. Cohut could work in a one handed capacity. Did he say he could work at a meeting demand level? I don't recall that he said that. I know that Dr. Mario did. Dr. Mario clearly said that Mr. Cohut could work at a meeting demand level. Is there any evidence in the record that working as a cook exceeds a meeting demand level? Yes, in fact the only in fact the only evidence in the record of what the duties of a cook are is Mr. Cohut's credible testimony that he is required to lift 50 pounds or more as a cook. And that's the only evidence in the record about what his job duties are. There's no job description. There's nothing else. And in fact, if you look at the record closely as I know you do, you're going to see that Baker Square made three job offers to Mr. Cohut during the course of this case. The first job offer from Baker Square was if you cannot return to work as a cook, you can't work for us at all. And then there were two subsequent late duty job offers as a host. So he and Baker Square never offered to return Mr. Cohut to work as a cook. And I know that's not an admission of liability or anything like that, but it's certainly a piece of evidence to consider. In fact, it may be one of the only pieces of evidence about whether the whether Mr. Cohut could return to work as a cook, other than his credit of testimony that it requires him to lift more than 50 pounds. You've gone over on your time. I'd like to go over on your time. You'll have time in reply. May it please the Court, Counsel. My name is Alisa Grigolunas on behalf of the defendant, Baker Square. We would respectfully request that the decision of the Illinois Workers' Compensation Commission be affirmed in all respects. First, I'd like to bring us back around and indicate that the two issues presented in this case, permanency and temporary total disability, are factual issues. And both parties, and I believe you all agree, that the standard of review is the manifest weight of the evidence. Therefore, the proper analysis is whether there is evidence to support the Commission's decision rather than re-weighing the evidence on the record. It is clear from the record that there is significant evidence supporting the Commission's decision. Can you address, I understand what you're saying so far, his central theme, which seems to be, that's all well and good, but the arbitrator, since the Commission specifically adopted the arbitrator's findings, and he seems  level of work and other things, the Commission's decision would be flawed and it's missing the actual, proper underpinnings. How do you respond to that? Well, Your Honor, I would disagree with counsel on that point and I would like to point you to Section 8D2 of the Illinois Workers' Compensation Act which covers all injuries not covered by Section 8E or a job change type of scenario. So, a person can recover under Section 8D2 either whether they're unable to return to their regular job or if their condition would typically fall under 8E, which was the error of the arbitrator all other body parts would fall under 8D2 then. So there's two separate analyses that you can make under 8D2 and I would say that a prerequisite of a job change would not be necessary and would not be required by the Commission if they found that the petitioner had an injury that would not fall under Section 8E. The arbitrator awarded Section 8E benefits, which was legally incorrect that was altered by the Commission to bring it into interstate I'm sorry, Will County Forest Preserve and further analysis is not required, which is exactly what the circuit court judge stated in his brief as well. He said that he proved up under 8D2 because it was not an injury covered under Section 8E and we can stop there. So the two issues in this case are permanency and TTE and there does not appear to be any appeal or discussion in the brief about causation of the credibility of the doctors in this case and therefore the primary evidence supporting the Commission's permanency award pursuant to Section 8D2 is that the petitioner had reached MMI according to Dr. Mora and could return to medium duty work. And that's under what section? That would be under Section 8D2. Okay, which is the Will County Correct, exactly so there was no finding that the petitioner could not return to his regular job therefore it falls under the not covered under Section 8E section and as you've discussed, the cook is in the and even if you ignore the Dictionary of Occupational Titles it is the petitioner's burden to prove every element of this case and I would say there is no credible evidence to show that the petitioner's job exceeded the medium level. Well there's several doctors who said it was medium Correct. Well Dr. Mora specifically found it to be medium and he was found to be the most credible physician in this case according to the arbitrator and the commission and also if you look at a converse or exclusionary analysis it shows that there is no evidence to support any other type of permanency award in this case which the commission discusses in its decision and I was going to quote that but Justice Hoffman has already read that portion during arguments this morning so if you look at the record there is no evidence that the petitioner is permanently and totally disabled pursuant to section 8F there is no evidence that the petitioner is permanently and totally disabled according to the odd lot theory since there is no diligent job search, there is no vocational testimony there is no evidence of a lack of stable legal market and there is no evidence that the petitioner would be entitled to 8D1 wage differential benefits so 8D2 is really the only available remedy based on the record as a whole anyway in this case and 8D2 says 8D2 says either the petitioner is unable to return to his usual customary employment or it covers all injuries not covered under section 8E of the act which the shoulder is no longer covered under section 8E so we have both counting Dr. Sarai, he was examined in November of 2008 correct found that he engaged in symptom magnification correct and said that he could he reached MMI 6 weeks post injury and was capable of performing his pre-injury job correct Dr. Salehi did indicate those things I would point out that Dr. Salehi did specifically evaluate the petitioner's lumbar and cervical spines rather than just his shoulder but with regard to those body parts he did indicate that several weeks after the injury he would have reached MMI for those conditions moving forward with TTD I have a general question will the comment never have been written will we be here I don't think we well we might but it would be less of an interesting argument I think asking that question regarding the temporary total disability award the evidence to support the commission's TTD award is that two light duty job offers were made to the petitioner which he refused the petitioner did testify that he received the offers, he did not appear for those jobs he claims in their brief that he was under sanitary restrictions by Dr. Primus and he was under a no work restriction by Dr. Tomitz however this is not supported by the record I would just like to point out a short timeline on this May 26, 2009 Dr. Primus said no lifting over 10 pounds and he expected full duty within 3 months then there is a very large gap in treatment after this note on July 1, 2009 the job offer for a host is made by Baker Square within Dr. Primus' restrictions then 4 months after Dr. Primus' note on September 29, 2009 Dr. Tomitz said he is not capable of regular work which we don't really know what that means but at his deposition he clarified that this particular restriction meant one handed work so the Supreme Court holds that TTD benefits can be terminated if the petitioner refuses work within his restrictions this is interstate scaffolding they relied on heartline in that case they hold that the petitioner refused light work not once but twice on July 1, 2009 and April 19, 2010 at that point it was pretty clear that the petitioner did not want to return to work no further light duty or full duty job offers were made following that point so not only did he refuse work from Baker Square but he testified that he received many other job offers that he refused although we don't have any evidence as to what these job offers were as well so in conclusion the Commission's decision regarding permanency in TTD is supported by the manifest weight of the evidence and we would respectfully request that the decision be adjourned thank you thank you counsel counsel thank you counsel mentioned that the recovery under section 8D2 can be had when the injury is not covered by section 8E the problem is that the arbitrator found that the injury was covered under section 8E legally and correctly he found that and all of his findings were directed toward that recovery under section 8E so when counsel says that 8E doesn't apply here and that's why you can apply 8D2 the problem is that the Commission's decision relies on findings under section 8E as opposed to section 8D2 let's say the lower court the arbitrator in any case applies the wrong standard standards should be manifest weight and they apply to no fault on appeal it's reviewed you accept the findings you just applied the wrong standard why would you have to remand it for that application yes I think I've already answered your honor I don't think you have to remand it but I think you should remand it under these circumstances because otherwise you are trying to hit a moving target you don't know what finding you can guess at what finding you should apply the manifest weight of the evidence standard to but you don't know and so we're asking you to know before you apply the standard there were no findings made by the Commission that the plaintiff was unable to pursue his usual and customary employment no finding is not the same as a finding of no no finding is not the same as a finding of no and so when counsel says that there was no finding therefore that meant that he could return to his normal occupation that's not the same thing no finding is not the same as a finding of no Justice Hoffman, Dr. Salehi examined Mr. Kohut for injuries separate and apart from the shoulder injury which is the focus of this argument so his release to return to work of some kind was directed only at the lumbar and cervical injuries Justice Hoffman, I think counsel answered your question about Dr. Tolmans opinion better than I did as she has said Dr. Tolmans from the very beginning said that Mr. Kohut could not return to his quote unquote regular employment and at his deposition Dr. Tolmans said that what he meant by that was maybe he could do one handed work so in the very brief seconds that I have left to me the Commission did say however that they found Mara more you're correct that that's what the Commission found the Commission found that Dr. Mara was credible when he put medium permanent medium weight lifting restrictions on the petition the problem is there is no finding in this record that those restrictions that Dr. Mara placed on Mr. Kohut allow him to return to work as a cook and all due respect to counsel you have to ignore the dictionary because it's not in this record right so you have to but you can't consider evidence that's not don't we consider the Commission to be expert enough to know what is a medium demand level job and what isn't yes your honor you should when you deal with nature and extent we have to and I have great deference to the Commission because of their expertise in these areas your honor I agree and that's why you should make them make the findings make them make the findings that only the experts can make why should you have to make those findings on behalf of the people who have the expertise to make those findings that's what we're asking you to do we're asking you to make them make the findings that they are trained and you know so otherwise the findings you're looking for that you may or may not be satisfied with would be a finding that being a cook at baker square or a similar type of establishment serving the same type of food variety etc okay is medium within his capability is that what you're saying that's correct your honor and then what I'll do is ask you to apply the manifest rate of the evidence standard to that finding to see if the evidence supports that finding so you want to bite the apple on the question of whether it's capable of meeting the demand level work yes that's what I want but it's also what I think you should do so it's not just a matter of me wanting it I think it's what you should do because it makes your job easier you're not shooting at a moving target wait a minute is it preferable is your argument preferable to go back and ask for specific findings yes I would be surprised if anyone disagrees but my question is where is the better there is there a finding that the commission didn't consider these issues is the term affirmative adopting that the exact same analysis was used because all the entities of agreement is to determine whether or not there's some evidence in the record to support the findings but there's a lack of language describing those findings so how do we get there well I think the easiest way to get there is to make the workers compensation commission tell you show their work that's the easiest way for you to get there you can take the difficult road if you decide to do that which is to do this on your own I suppose you can right I don't think you should but we're releasing our judgment to the commission I don't think you are you're making them make the findings if we did our homework I'm sorry I misunderstood your question yes absolutely as you can tell that's the basis of my entire argument I don't think this should be put in the position of having to make these findings because it does at least encroach upon that prohibition of you substituting your judgment for the judgment of the commission I just want to say that and I know I don't have any time left I just want to say that I've been telling you that you shouldn't apply the manifest way to the evidence standard to this case but if you do I would suggest to you that even the manifest way to the evidence does not support the decisions regarding the PPD and those or TTD and those arguments are in my brief so to conclude the appellant Walter Cohen is asking this court to vacate the order of the circuit court and remand this case back to the workers compensation commission so that the commission can make findings that a reviewing court can properly review in the alternative Mr. Cohut is asking this court to reverse the commission decision because it is contrary to the manifest way to the evidence standard thank you counsel for your arguments on this matter this morning it will be taken under advisement a written disposition will issue